UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

**RAYMOND RABITO**                                                    **CIVIL ACTION**

**VERSUS**                                                                      **NO: 24-2152**

**GREAT WEST CASUALTY
COMPANY, ET AL.**                                                      **SECTION: "H"**

## ORDER AND REASONS

Before the Court is Plaintiff's Unopposed Motion to Remand (Doc. 20). On February 28, 2025, Plaintiff's Unopposed Motion to Remand was **GRANTED** and the above-captioned matter was **REMANDED** to State court for the following reasons.

## BACKGROUND

This case arises out of an incident that occurred on September 14, 2023, in New Orleans, Louisiana while Plaintiff Raymond Rabito was working for The Ambassador Theater Group. Plaintiff alleges that on that date, as he was unloading a truck as a part of his job duties, a container fell onto him, resulting in serious injuries.

On June 26, 2024, Plaintiff filed suit in the Civil District Court for the Parish of Orleans, naming Clark Transfer, Inc.; Great West Casualty Company; The John Gore Theatrical Group ("John Gore"); and Show Motion, Inc. as Defendants. On August 30, 2024, Defendant John Gore removed the

matter to this Court based on diversity jurisdiction. In the removal—consented to by all Defendants at the time—the citizenship of the parties was alleged as the following:

1. Plaintiff: Louisiana;
2. Defendant Clark Transfer, Inc.: incorporated in Delaware with its principal place of business in Pennsylvania;
3. Defendant Great West Casualty Company: incorporated under the laws of Nebraska with its principal place of business in Nebraska;
4. Defendant John Gore: incorporated under the laws of Texas with its principal place of business in New York; and
5. Defendant Show Motion, Inc.: incorporated in Connecticut with its principal place of business in Connecticut.[1]

On September 16, 2024, Plaintiff's workers' compensation insurer, Crum & Forster Indemnity Company, filed a Motion for Leave to file a Petition for Intervention, alleging its citizenship as incorporated in Delaware with its principal place of business in New Jersey.[2] The Motion for Leave to file was granted on December 4, 2024.[3]

On October 2, 2024, Plaintiff filed a Motion for Leave to File First Supplemental and Amending Petition for Damages, in which he added Defendants:

1. Travelers Indemnity Company: incorporated in Connecticut with its principal place of business in Connecticut;
2. Majestic Presents, LLC: limited liability company with members who are believed to be domiciled in Texas; and

---

[1] Doc. 1.
[2] Doc. 5-4 at 1.
[3] Doc. 18.

    3. Louis on Broadway LP: limited partnership believed to be domiciled in New York.[4]

This motion was granted on October 23, 2024.[5]

Plaintiff filed the instant motion, claiming that the Court now lacks diversity jurisdiction.[6] Defendant did not oppose. The Fifth Circuit approaches the automatic grant of dispositive motions with considerable aversion.[7] Accordingly, this Court has considered the merits of Plaintiff's motion.

## LEGAL STANDARD

Generally, a defendant may remove a civil state court action to federal court if the federal court has original jurisdiction over the action.[8] The burden is on the removing party to show "that federal jurisdiction exists and that removal was proper."[9] When determining whether federal jurisdiction exists, courts consider "the claims in the state court petition as they existed at the time of removal."[10] District courts must "strictly construe" the removal statute, "and any doubt about the propriety of removal must be resolved in favor of remand."[11]

---

[4] Doc. 7.
[5] Doc. 15.
[6] Doc. 20.
[7] *See, e.g.*, Servicios Azucareros de Venezuela, C.A. v. John Deere Thibodeaux, Inc., 702 F.3d 794, 806 (5th Cir. 2012); Johnson v. Pettiford, 442 F.3d 917, 918 (5th Cir. 2006) (per curiam); John v. State of Louisiana (Bd. of Trs. for State Colls. and Univs.), 757 F.2d 698, 709 (5th Cir. 1985).
[8] 28 U.S.C. § 1441.
[9] Barker v. Hercules Offshore, Inc., 713 F.3d 208, 212 (5th Cir. 2013) (quoting Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720, 723 (5th Cir. 2002)).
[10] *Manguno*, 276 F.3d at 723.
[11] *Id.*

## LAW AND ANALYSIS

Defendant John Gore removed this case on the basis of diversity jurisdiction under 28 U.S.C. § 1332.[12] Diversity jurisdiction requires complete diversity of citizenship and an amount in controversy exceeding $75,000.[13] "[C]omplete diversity requires that all persons on one side of the controversy be citizens of different states than all persons on the other side."[14] A corporation is a citizen of the state where it is incorporated and the state where it has its principal place of business.[15]

Here, Plaintiff argues that the Court lacks diversity jurisdiction because Intervenor Crum & Forster Indemnity Company is a Delaware citizen and is therefore not diverse from Defendant Clark Transfer, Inc., which is also a Delaware citizen.[16]

"Louisiana law affords employers and their workers compensation carriers a cause of action to recover any payments previously made, and any future payment obligations, from a third-party tortfeasor."[17] Intervenor Crum & Forster Indemnity Company is Plaintiff's workers' compensation insurer. "An intervenor who has paid workers compensation benefits to an employee or will pay benefits in the future, and who is seeking to recover those payments and any future payment obligations from a third-party tortfeasor, is properly aligned with the Plaintiff."[18] As such, as a Delaware citizen,

---

[12] Doc. 1 at 3.
[13] 28 U.S.C. § 1332(a).
[14] McLaughlin v. Miss. Power Co., 376 F.3d 344, 353 (5th Cir. 2004) (quoting Harrison v. Prather, 404 F.2d 267, 272 (5th Cir. 1968)).
[15] 28 U.S.C. § 1332(c)(1).
[16] The Court notes that in his Motion, Plaintiff states that Defendant Great West Insurance Company is the Delaware citizen that destroys diversity but cites to Exhibit 2 which shows the citizenship of Clark Transfer, Inc. Doc. 20-1 at 3, n.3.
[17] Balboa v. Metso Mins. Indus., Inc., No. CV 18-9968, 2019 WL 8888170, at *2 (E.D. La. Jan. 2, 2019) (Morgan, J.).
[18] *Id.*

Intervenor is not diverse from Defendant Clark Transfer, Inc. "[W]hen a non-diverse party is brought into the action, complete diversity if destroyed and the case should be remanded."[19] Accordingly, the case must be remanded.

## CONCLUSION

For the foregoing reasons, Plaintiff's Unopposed Motion to Remand (Doc. 20) was **GRANTED**, and the above-captioned matter was hereby **REMANDED** to State court.

New Orleans, Louisiana this 13th day of March, 2025.

_____
**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**

---

[19] *Falgout v. Mid State Land & Timber Co.,* No. 08-5088, 2009 WL 2163162, at *2 (E.D. La. July 16, 2009) (Lemelle, J.) (citing *Doleac ex rel. Doleac v. Michalson,* 264 F.3d 470 (5th Cir. 2001)).